LEON A. CANNIZZARO, Jr., Judge.
_JjThe appellant, New Orleans Police Department (NOPD) Officer Floyd Jackson, appeals a decision of the Civil Service Commission of the City of New Orleans (the Commission) upholding the five-day suspension imposed on him by New Orleans Police Superintendent Edwin P. Compass, III, the appointing authority, for causing an accident between two NOPD vehicles.
FACTS AND PROCEDURAL HISTORY
On August 1, 2003, Officer Jackson, classified as a Police Officer II, and his partner, Sergeant Steven Gilliam, were conducting a routine traffic stop on Delery Street when they received a call that another police officer, who was nearby, needed assistance to stop a stolen vehicle near the intersection of St. Claude Avenue and Egania Street. The officers completed their stop and returned to their NOPD patrol car. Officer Jackson, the driver, proceeded from Delery Street onto St. Claude Avenue, heading west. Upon approaching Lamanche Street, Officer Jackson turned left in order to make a U-turn on St. Claude Avenue. As he did so, |Pa NOPD van, driven by NOPD Officer Derrick Burmaster and traveling in the left westbound lane on St. Claude Avenue, struck Officer Jackson’s patrol car broadside on the driver’s side. The patrol car came to rest on the median, while the van traveled several feet from the point of impact until it stopped in the left westbound lane of St. Claude Ave. At the time, Officer Burmaster and his partner, NOPD Officer Alan Bartholomew, who was a front seat passenger in the van, were also responding to the call for assistance. As a result of the accident, both NOPD vehicles were heavily damaged. NOPD Officer Lucian Sunseri, an accident investigator, was called to the scene to investigate the incident and prepare a police report.
Following an administrative inquiry into the matter, the NOPD Traffic Accident Review Board determined that the accident was preventable and that Officer Jackson was at fault. Based on the board’s findings, Superintendent Compass issued a disciplinary letter to Officer Jackson, noting that his conduct was contrary to the standards prescribed by Rule IX, Section 1, paragraph 1.1 of the Rules of the Civil Service Commission, and imposed the five-day suspension. The disciplinary letter set forth the following significant factual finding:
This accident occurred as you were traveling westbound on Saint Claude Avenue, in the right travel lane, responding to a call for assistance from another police unit. As you approached the intersection of Lamanche Street, you executed a U-turn in the median and was struck by vehicle # 2. Vehicle # 2 was traveling westbound on Saint Claude Avenue, in the left travel lane, at the time of the collision. You executed an improper turn.
| ^Officer Jackson disputed the finding that he was traveling in the right westbound lane of St. Claude Avenue when he made the left turn and appealed his suspension to the Civil Service Commission. At the hearing before the Civil Service hearing examiner, Officer Jackson testified that he was traveling in the left westbound lane on St. Claude Avenue and decided to *115 make a U-turn so he veered slightly to the right to make a “wide” left turn into the median at Lamanche Street. He testified that he never crossed the centerline between the left and right westbound travel lanes while attempting to make the wide turn. Sergeant Gilliam also testified, corroborating Officer Jackson’s testimony.
Officer Sunseri, testifying as a witness for the appointing authority, stated that he had interviewed both Officers Jackson and Burmaster following the accident and photographed the scene. Based upon his investigation, Officer Sunseri determined that Officer Jackson made the left turn from the right travel lane of St. Claude Avenue in front of Officer Burmaster’s NOPD van, which was traveling in the same direction in the left lane. According to Officer Sunseri, the physical evidence supported the conclusion that Officer Jackson made an illegal left turn from the right lane based upon the location of the broken glass caused by the impact of the two vehicles. Officer Sunseri testified that the photographs, which were admitted into evidence, showed most of the broken glass landed in the left lane near the centerline dividing the left and right westbound lanes, indicating that the vehicles collided just to the left of the centerline.
The appointing authority also called Officer Bartholomew as a witness. Officer Bartholomew testified that he was a passenger in the NOPD van driven by Officer Burmaster. According to him, they were traveling in the left westbound lane of St. Claude Avenue in response to a call for assistance from another police | ¿officer when, suddenly, Officer Jackson’s police vehicle turned in front of them from the right lane of traffic without warning or sufficient time to take evasive action. The appointing authority had subpoenaed Officer Burmaster to testify at the hearing, too, but he was unavailable because he was on active military duty overseas.
Following the hearing, the hearing examiner submitted his report to the Civil Service Commission, recommending that Officer Jackson’s appeal be dismissed. Based on the report, the Civil Service Commission concluded that the appointing authority proved that Officer Jackson caused a preventable accident by executing a left turn from the right lane, turning in front of another police vehicle traveling in the same direction. The Civil Service Commission determined that the five-day suspension imposed on Officer Jackson by the appointing authority was reasonable under the circumstances and dismissed the appeal.
ASSIGNMENT OF ERROR
Officer Jackson asserts one assignment of error on appeal: the hearing examiner erred in allowing an out of court statement into evidence when the declarant (Officer Burmaster) was unavailable to testify, thereby depriving him of the right to confront and cross-examine a material witness against him.
LAW AND DISCUSSION
An employee with permanent status in the classified city civil service may be disciplined only for cause expressed in writing. La. Const, art. X, § 8(A). He may appeal from such disciplinary action to the Civil Service Commission, and the 15burden of proof on appeal, as to the facts, is on the appointing authority. La. Const, art. X, § 8(A); Walters v. Department of Police of the City of New Orleans, 454 So.2d 106, 112-113 (La.1984). On appeal, the Civil Service Commission has a duty to decide if the appointing authority had good or lawful cause for taking disciplinary action, and, if so, whether the punishment is commensurate *116 with the offense. Walters, 454 So.2d at 113. Legal cause exists if the facts found by the Commission disclose that the employee’s conduct impaired the efficient operation of the public service in which the employee was engaged. Id.
A reviewing court should not reverse the Civil Service Commission’s conclusion as to whether the disciplinary action is based on legal cause, unless, the conclusion is arbitrary, capricious, or an abuse of discretion. Walters, 454 So.2d at 114. “Arbitrary or capricious” can be defined as the lack of a rational basis for the action taken. Bannister v. Department of Streets, 95-0404 (La.1/16/96), 666 So.2d 641. When reviewing the Civil Service Commission’s findings of fact, the reviewing court should not reverse or modify a finding unless it is clearly wrong or manifestly erroneous. Walters, 454 So.2d at 113.
Officer Jackson complains that the hearing examiner erred in allowing Officer Sunseri to give hearsay testimony. During Officer Sunseri’s investigation of the accident, he learned from Officer Burmas-ter that Officer Jackson made the left turn from the right traffic lane. According to Officer Jackson, that hearsay statement was the only testimony that placed his police vehicle in the right lane prior to the accident, and, thus, the hearing examiner should not have allowed the statement into evidence without his having the opportunity to cross-examine Officer Burmaster.
1 fiEven if Officer Sunseri’s hearsay statement is excluded, the remaining portions of his testimony are admissible. As previously mentioned, Officer Sunseri testified that he arrived on the scene shortly after the accident occurred and interviewed Officers Jackson, Burmaster and Bartholomew as well as Sergeant Gilliam. He photographed the physical evidence at the accident scene, including the damaged vehicles, their location, and the broken glass on the street. Based on his observations, Officer Sunseri concluded that Officer Jackson had executed the left turn from the right lane.
Clearly, the appointing authority satisfied its burden of proof by offering Officer Sunseri’s remaining testimony, the testimony of Officer Bartholomew and the photographs taken at the scene of the accident. Although Officer Jackson states on page 5 of his appellate brief that “[t]here was no other eyewitness who could place the Appellant’s vehicle in the right lane immediately prior to the accident,” Officer Bartholomew testified unequivocally that Officer Jackson turned left from the right westbound lane directly in front of the police van driven by Officer Burmaster. The photographs, which show damage to the mid to rear driver’s side of Officer Jackson’s police car as well as the broken glass from the vehicles lying in the left lane near the centerline, clearly support Officer Bartholomew’s testimony as well as Officer Sunseri’s conclusion that Officer Jackson was at fault in causing the accident. Thus, the appointing authority proved by a preponderance of the evidence that Officer Jackson caused a preventable accident that resulted in substantial damage to two police vehicles and that his actions substantially impaired the efficient and orderly operation of the police department.
17Accordingly, the decision of the Civil Service Commission, dismissing Officer Jackson’s appeal of the five-day suspension imposed upon him by the appointing authority, is affirmed.
AFFIRMED.
LOVE, J., concurs with reasons.
BELSOME, J., concurs in the result.